United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30082
Summary Calendar
_____

BENNY WATSON,

                              Plaintiff-Appellee,

versus

NICK CONGEMI, Etc., ET AL.,

                              Defendants,

DAVID STROMEYER, Deputy,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3046-N
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

     Kenner, Louisiana, Police Officer David Stromeyer appeals

the denial of his motion for summary judgment dismissal of a 42

U.S.C. § 1983 complaint on grounds of qualified immunity.

Plaintiff Benny Watson alleged that Officer Stromeyer used

excessive force in handcuffing Watson following his arrest for

stealing a beer from a convenience store and that he wrongfully

_____

     * Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

sprayed Watson with mace while Watson was incarcerated in a police station holding cell.

Officer Stromeyer argues that the magistrate judge[**] misapplied the burden of proof in evaluating his claims of qualified immunity; that both excessive force claims are barred under the doctrine of Heck v. Humphrey[***]; and that he did not violate Watson's constitutional rights. He argues in the alternative that his conduct was objectively reasonable under the circumstances.

We find no error in the magistrate judge's analysis of Officer Stromeyer's claims of qualified immunity. Watson's excessive force claims are not barred under Heck because a resolution of the claims in Watson's favor would not necessarily implicate the validity of any of his criminal convictions. Heck, 512 U.S. at 486-87 fn.6-7. Our review of the undisputed material facts leads us to conclude that Watson has defeated summary judgment based on qualified immunity by alleging the violation of a constitutional right and because the undisputed material facts do not show that Officer Stromeyer's conduct was objectively reasonable. Spann v. Rainey, 987 F.2d 1110, 1115 (5th Cir. 1993); Gutierrez v. City of San Antonio, 139 F.3d 441, 447 (5th Cir. 1998). The magistrate judge did not err in denying Officer Stromeyer's motion to dismiss based on qualified immunity.

---

[**] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

[***] 512 U.S. 477 (1994).

AFFIRMED.